UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMIE DON WORK,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>HUMBOLDT COUNTY CORRECTIONAL FACILITY, et al.,<br><br>　　　　　　Defendants. | Case No. 24-cv-00102-RMI<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a detainee, has filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed *in forma pauperis*.

## DISCUSSION

**Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity, or from an officer or employee of a governmental entity. 28 U.S.C. 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2). Further, it should be noted that pleadings submitted by pro se parties must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While specific facts are not necessary, the statement needs to give the defendant fair notice of the nature of the claim and the grounds upon which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Although a plaintiff need not include detailed factual allegations in a complaint, the complaint must do more than recite elements of a

cause of action and state conclusions; rather a plaintiff must state factual allegations sufficient to raise the entitlement to relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The Supreme Court recently explained this standard: "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations . . . [and] [w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**Legal Claims**

Plaintiff alleges jail officials retaliated again him for protected conduct, violated his due process rights and detained him in unsanitary conditions. It appears Plaintiff is a pretrial detainee.

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). *Accord Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995) (prisoner suing prison officials under § 1983 for retaliation must allege that he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline). The prisoner must show that the type of activity he was engaged in was constitutionally protected, that the protected conduct was a substantial or motivating factor for the alleged retaliatory action, and that the retaliatory action advanced no legitimate penological interest. *Hines v. Gomez*, 108 F.3d 265, 267-68 (9th Cir. 1997) (inferring retaliatory motive from circumstantial evidence).

1      When a pretrial detainee challenges conditions of his confinement, the proper inquiry is
2 whether the conditions amount to punishment in violation of the Due Process Clause of the
3 Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). "'[T]he State does not
4 acquire the power to punish with which the Eighth Amendment is concerned until after it has
5 secured a formal adjudication of guilt in accordance with due process of law. Where the State
6 seeks to impose punishment without such an adjudication, the pertinent guarantee is the Due
7 Process Clause of the Fourteenth Amendment.'" *Id.* (quoting *Ingraham v. Wright*, 430 U.S. 651,
8 671-72 n.40 (1977)). Unsanitary conditions can, when severe enough, violate the Fourteenth
9 Amendment rights of pretrial detainees by rising to the level of punishment. *Shorter v. Baca*, 895
10 F.3d 1176, 1185 (9th Cir. 2018).

11      A court presented with a procedural due process claim by a pretrial detainee should first
12 ask if the alleged deprivation amounts to punishment and therefore implicates the Due Process
13 Clause itself; if so, the court then must determine what process is due.  *See*, *e.g.*, *Bell*, 441 U.S. at
14 537-38 (discussing tests traditionally applied to determine whether governmental acts are punitive
15 in nature). Disciplinary segregation as punishment for violation of jail rules and regulations, for
16 example, cannot be imposed without due process, i.e., without complying with the procedural
17 requirements of *Wolff v. McDonnell*, 418 U.S. 539 (1974). *See Mitchell v. Dupnik*, 75 F.3d 517,
18 523-26 (9th Cir. 1996).

19      Plaintiff states that in his jail unit, defendants served Jell-O instead of ice cream that is
20 normally served, because workers could not find the ice cream. The other units in the jail received
21 ice cream. Plaintiff would not accept the Jell-O and told others that they should also not accept the
22 Jello-O. The rest of Plaintiff's jail unit refused the Jell-O, and ice cream was eventually found and
23 provided. Plaintiff states that there was no riot, and no detainees became violent or threatened
24 anybody. The next morning plaintiff was placed in Administrative Segregation, without any
25 disciplinary hearing, for eleven days. The cell was prone to flooding and he was forced to sleep in
26 a chair due to ants on the floor and on his bunk. Plaintiff seeks money damages.

27      The complaint is dismissed with leave to amend to provide more information. Plaintiff
28 should first state if he is a pretrial detainee or a convicted prisoner. While Plaintiff lists two

United States District Court
Northern District of California

3

1 defendants in the caption, he fails to identify any specific defendant in the body of the complaint. Plaintiff must identify individual defendants and specifically describe how they violated his constitutional rights. Plaintiff must also describe how demanding different food from defendants rises to the level of protected conduct to state a claim of retaliation. Finally, Plaintiff states that he did not complete the inmate grievance process before filing this suit. Plaintiff is advised to complete the grievance process before the jail time limit expires or this case could later be dismissed as unexhausted.

## CONCLUSION

1. The complaint is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended complaint must be filed within **twenty-eight (28) days** of the date this order is filed, and it must include the caption and civil case number used in this order and the words "AMENDED COMPLAINT" on the first page. Because an amended complaint completely replaces the original complaint, Plaintiff must include in it all the claims he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the original Complaint by reference. Failure to amend within the designated time will result in dismissal of this case.

2. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk, headered "Notice of Change of Address," and must comply with the court's orders in a timely fashion. Failure to do so may result in dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: February 14, 2024

ROBERT M. ILLMAN
United States Magistrate Judge